THE PENNSYLVANIA TUNNEL AND TERMINAL COMPANY,
PROSECUTOR, v. WILLIAM S. GUMMERE ET AL.

Argued June 3, 1915—Decided July 12, 1915.

The penalty of interest at the rate of one per centum per month
upon taxes unpaid on the first day of February following their
levy, provided by the General Railroad Tax act (*Pamph. L.* 1911,
*p.* 434), is a remedy applicable to overdue taxes assessed under the
supplemental act of April 27th, 1911 (*Pamph. L., p.* 580), but
such penalty cannot by a supposed analogy to the existing legis-
lation be made to run from an earlier date than that expressly
fixed by the statute.

On *certiorari.*

Before Justices GARRISON, TRENCHARD and BLACK.

For the prosecutor, *Vredenburgh, Wall & Carey.*

For the defendants, *Edwards & Smith* and *John W. Wescott,*
attorney-general.

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* brings under review
an order made by a justice of the Supreme Court under the
fourteenth section of the general act for the taxation of
railroads.   *Comp. Stat., p.* 5271.

The taxes in arrears were assessed for the years 1906, 1907,
1908 and 1909 under the provisions of a supplement to the
said act approved April 27th, 1911.   *Pamph. L., p.* 580.
The unpaid taxes amounted to $96,698.15, to which the
order in question added a sum approximately $24,000 for
interest at the rate of one per centum per month from April
24th, 1913, to May 22d, 1915, the date of the order.   The
writ challenges this item of interest in whole and in part,
the prosecutor contending that the statute under which the
tax was assessed being silent as to interest, none should be

allowed, the defendant contending that there is statutory authority for the interest at the rate imposed and from the date fixed in the order.

We agree with the prosecutor that the supplement of 1911 is silent as to interest and hence that quâ interest nothing can be exacted, but we also agree with the defendants that there is statutory authority for the twelve per cent. interest quâ penalty as a "remedy" that is recognized by the supplement of 1911, to wit: "The same *remedies* shall exist for the collection of said taxes as exist for the collection of taxes regularly assessed under the provisions of the act to which this is a further supplement."

The act thus referred to as amended in 1911 (*Pamph. L.*, *p.* 434) provides as follows: "The amount of taxables * * * shall be due and payable into the State Treasury on any day between the said first day of November and the first day of February following; and the payment or collection thereof shall not be stayed by any writ or order of any court of law or equity. It shall be the duty of the State Treasurer to receive payment of the said taxes from the said companies; if the taxes of any company, or any portion thereof, remain unpaid on the first day of February following the levying thereof, such company shall be considered in default, and such taxes, or such unpaid portion thereof, shall thenceforth bear interest at the rate of one per centum for each month until paid, notwithstanding the prosecution of any writ of certiorari or other remedy." This penalty is not a part of the tax as legal interest would be, but is a method of enforcing its payment and hence is in the nature of a remedy for its non-payment. *Dixon* v. *Jersey City,* 37 *N. J. L.* 39; *Gray on the Tax Power,* § 1215.

By the section quoted from the supplement of 1911 this remedial provision of the main act is available to the defendants, but it must be "the same remedy" and not a somewhat similar one to be evolved by judicial legislation patterned upon the parent act.

The parent act declares that the penalty of one per cent. per month shall begin to run on the first day of February

following the levying of the tax; the date thus fixed being both specific and penal must be deemed an integral part of the remedy that cannot be varied by judicial construction or upon equitable considerations.

In the present case what has been attempted is to ignore the date thus fixed by the legislature and to lay hold of the fact that the date so fixed is the last due day for the payment of taxes and upon this circumstance alone to evolve a scheme of penal legislation to fit the special exigencies of the supplement of 1911. Under this scheme the date for the commencement of the penalty is fixed as April 24th, 1913. The way this is arrived at is by adding to the date of the filing with the comptroller of the certificate of the board of assessors the twenty days in which the board may give notice to the taxpayer, then adding to this the thirty days allowed the board in which to review the tax which is due and payable on or before fifteen days after the time so limited for review.

In the present case the certificate was filed on February 18th, 1913; twenty days thereafter would be March 9th, after which the thirty days for review would expire on April 9th, 1913, and thereafter the fifteen days allowed for payment would make the last day fall upon April 24th, 1913, which is thus declared to be the day on which the penalty provided by the parent act should begin to run—although the act itself says it shall begin to run on the first day of February following the assessment.

We can find no authority for this method of dealing with an express statutory penalty; it is not construction in any sense; on the contrary, it is a sort of legislation by analogy which does not at all appeal to us. Even the supposed analogy breaks down at its most critical point, for the parent act allows three full months from the first due day before the penalty begins to run, whereas under the order now before us only sixty-five days intervene from the assessment of the tax and only fifteen days are allowed from the time the tax is declared to be due and payable. It is not pretended that the legislature has enacted any such provision and there is nothing to suggest that any such rule was intended with respect to

the taxes assessed under the supplement of 1911. The statute is that the penalty shall begin on the first day of February following the assessment; if this does not apply to the supplement of 1911, that ends the matter; if it does apply, it controls. We think that it does apply and that interest at the rate of one per centum per month should begin to run from February 1st, 1914, and not from April 24th, 1913.

The order must be modified in the respect indicated, with costs to the prosecutor.